UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NIMESH SHAH,<br><br>                              Plaintiff,<br><br>v.<br><br>COLLETTE S. PETERS, BOP Director, et al.,<br><br>                             Respondents. | Case No.: 3:23-cv-00801-RBM-JLB<br><br>**ORDER FOR SUPPLEMENTAL BRIEFING FOLLOWING REMAND**<br><br>[Docs. 21–22] |

On December 1, 2025, the United States Court of Appeals for the Ninth Circuit issued a Dispositive Order and Mandate granting Respondents' Motion to Vacate and Remand. (Docs. 21–22.) The Dispositive Order vacated this Court's "order and Judgment denying [Petitioner Nimesh Shah's] 28 U.S.C. § 2241 habeas petition, and remand[ed] for further proceedings." (Doc. 21.) The court "express[ed] no opinion as to the parties' dispute regarding the effect, if any, of [Petitioner's] plea agreement on his requested relief, or as to the amount, if any, of unused time credits [he] may have remaining." (*Id.*[1])

---

[1] In moving to remand, Respondents argued that these two issues could be determined by the district court on remand.

To address these remaining issues on remand, the Court **ORDERS** supplemental briefing. Respondents shall file a brief by **December 22, 2025** that addresses the following issues:

- Petitioner's current status and the impact of any change in his status[2] on whether there is an ongoing case or controversy that may be "redressed by a favorable judicial decision." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).

- How Petitioner's First Step Act ("FSA") credits were calculated and applied to reduce his time in custody or on supervised release.[3] Respondents' submission of a report of Petitioner's FSA credits (*see* Doc. 6-1 at 31–33) is insufficient. Respondents must provide a declaration that explains how Petitioner's FSA credits were calculated for the entire period from March 25, 2021 when he went into federal custody to December 6, 2022 when he was put on supervise release. This explanation must include: whether any dates or time periods were excluded and why; explanation of the time credit factor that applied for each period of time and why that factor, and not another, applied. Respondents must also explain how the accumulated FSA credits were applied.

- To the extent that Respondents take the position that Petitioner seeking application of FSA time credits to reduce his term of supervised release following *Gonzalez v. Herrera* would violate Petitioner's plea agreement, Respondents shall address the issue. 151 F.4th 1076 (9th Cir. 2025) (interpreting the statutory text to allow the "FSA's time credits … be used to reduce the length of time that a prisoner must

---

[2] As the Court noted in its prior Order, under Ninth Circuit precedent, a § 2241 petition is not mooted by release from custody if a reduction in a term of supervised release is possible. (*See* Doc. 14 at 3 (citing *Mujahid v. Daniels*, 413 F.3d 991, 994 (9th Cir. 2005).) However, the record before the Court reflects that Petitioner was released from custody and placed on a three-year term of supervised release on December 6, 2022.

[3] Petitioner has calculated that he should have received a total of 300 days of FSA credits. (*See* Doc. 7 at 2–3.)

spend while on supervised release.").

Petitioner may file a supplemental brief in response by **December 29, 2025**.

**IT IS SO ORDERED.**

Dated:  December 16, 2025

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE