UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NIMESH SHAH,<br><br>                                    Plaintiff,<br><br>v.<br><br>COLLETTE S. PETERS, BOP Director,<br>et al.,<br><br>                                    Respondents. | Case No.:  3:23-cv-00801-RBM-JLB<br><br>**ORDER DISMISSING PETITION**<br><br>[Doc. 24] |

The Ninth Circuit Court of Appeals issued a Dispositive Order and Mandate granting Respondents' Motion to Vacate and Remand ("Order Remanding") on December 1, 2025. (Docs. 21–22.[1])  On December 16, 2025, this Court issued an Order for Supplemental Briefing Following Remand ("Supplemental Briefing Order").[2]  (Doc. 23.)  The Order

---

[1] The Dispositive Order vacated this Court's "order and Judgment denying [Petitioner Nimesh Shah's] 28 U.S.C. § 2241 habeas petition, and remand[ed] for further proceedings" following the Ninth Circuit's decision in *Gonzalez v. Herrera*, 151 F.4th 1076 (9th Cir. 2025) finding First Step Act ("FSA") credits can be applied toward reducing a term of supervised release.  (Doc. 21.)  The appeal of this Court's decision denying the Petition had been stayed pending the decision in *Gonzalez v. Herrera*.  (Doc. 19.)

[2] The Ninth Circuit "express[ed] no opinion as to the parties' dispute regarding the effect, if any, of [Petitioner's] plea agreement on his requested relief, or as to the amount, if any,

required Respondents to file supplemental briefing by December 22, 2025 and any supplemental response from Petitioner be filed by December 29, 2025. (*Id.* at 2–3.[3])

Among other issues, the Court's Supplemental Briefing Order required Respondents to address "Petitioner's current status and the impact of any change in his status on whether there is an ongoing case or controversy that may be 'redressed by a favorable judicial decision.'" (Doc. 23 at 2 (quoting *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).) As the Court noted in the Supplemental Briefing Order, under Ninth Circuit precedent, a § 2241 petition is not mooted by release from custody if a reduction in a term of supervised release is possible. (*Id.* at 2 n.2 (citing *Mujahid v. Daniels*, 413 F.3d 991, 994 (9th Cir. 2005).) However, the record before the Court reflected that Petitioner had likely completed his term of supervised release. (*Id.* (noting his three-year term of supervised release commenced on December 6, 2022).) The Order required Respondents to file supplemental briefing by December 22, 2025 and any supplemental response from Petitioner be filed by December 29, 2025. (*Id.* at 2–3.)

On December 19, 2025, Respondents' filed their Supplemental Briefing Following Remand and Motion to Dismiss 2241 Petition as Moot ("Respondent's Motion to Dismiss"). (Doc. 24.) Respondents' Motion to Dismiss confirms that Petitioner "completed his supervised release on December 5, 2025" and "[h]is current status with U.S. Probation is 'closed.'" (*Id.* (quoting Ex. 1 (email from United States Probation officer) and citing Ex. 2 (probation record showing current status closed and closed date of December 5, 2025).) Petitioner did not file a response to Respondent's Motion to Dismiss.

"Failure to satisfy Article III's case-or-controversy requirement renders a habeas petition moot." *Kittel v. Thomas*, 620 F.3d 949, 951, (9th Cir. 2010) (citing *Mujahid v. Daniels,* 413 F.3d 991, 994 (9th Cir. 2005)). The case-or-controversy requirement "means

of unused time credits [he] may have remaining." In moving to remand, Respondents had argued that these two issues could be determined by the district court on remand.

[3] The Court cites the CM/ECF electronic pagination unless otherwise noted.

3:23-cv-00801-RBM-JLB

that, throughout the litigation, the [petitioner] must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (internal quotations and citations omitted). Here, the relief sought in the Petition is a reduction of the term of supervised release. (Doc. 1 at 4.) Because the term of supervised release has ended, there is no controversy "to be redressed by a favorable judicial decision." *Id.* Like a petition seeking release on parole becomes moot when the petitioner is released on parole, a petition seeking to reduce supervised release becomes moot when supervised release has ended. *See Fendler v. U.S. Bureau of Prisons*, 846 F.2d 550, 555 (1988) (finding § 2241 petition moot when only relief sought was immediate release on parole and petitioner had been released); *see also United States v. Cottrell*, 539 F. Appx. 727, 728 (9th Cir. 2013) (finding challenges to revocation of supervised release moot because appellant was "no longer serving a term of supervised release.")

Based on the foregoing, the Petition is **DISMISSED as moot**. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated:  February 12, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

3

3:23-cv-00801-RBM-JLB